```
 1                    IN THE UNITED STATES DISTRICT COURT

 2                 FOR THE SOUTHERN DISTRICT OF CALIFORNIA

 3   UNITED STATES OF AMERICA,       )
                                     )  No. 3:18-CR-03072-BTM
 4            Plaintiff,             )
                                     )
 5   v.                              )  July 13, 2018
                                     )
 6   ANNETTA BUDHU (2),              )
     KEVIN GILLESPIE (5),            )
 7                                   )
              Defendants.            )
 8   _____)  San Diego, California

 9
              TRANSCRIPT OF DIGITALLY RECORDED PROCEEDINGS
10                 (Arraignment and Initial Appearance)

11      BEFORE THE HONORABLE JAN M. ADLER, MAGISTRATE JUDGE

12

13   APPEARANCES:
     FOR THE PLAINTIFF:        KRISTY MILTON
14                             U.S. Attorney's Office
                               Southern District of California
15                             880 Front Street, Room 6293
                               San Diego, CA  92101-8893
16                             (619)557-5610

17   FOR DEFENDANT BUDHU
     AND GILLESPIE:            RYAN STITT
18                             Assistant Federal Defender
                               Federal Defenders of San Diego
19                             225 Broadway, Suite 900
                               San Diego, CA  92101-5008
20                             (619)234-8467

21

22   COURT REPORTER:           AMANDA M. LeGORE
                               RDR, CRR, CRC, FCRR, OCE
23                             U.S. District Court
                               333 West Broadway, Suite 420
24                             San Diego, CA 92101
                               amanda_legore@casd.uscourts.gov
25
```

1             (Friday, July 13, 2018; 11:33 a.m.)
2
3                      P R O C E E D I N G S
4
5             THE CLERK:  Calling matter No. 8 -- I'm sorry.
6  Matter No. 9 from the log, 18-CR-3072, United States of America
7  versus Annetta Budhu and Kevin Gillespie.
8             MR. STITT:  Good morning.  Ryan Stitt, Federal
9  Defenders.  I'm going to be appearing on all log matters,
10 including this.
11            Ms. Budhu and Mr. Gillespie are present, out of
12 custody.
13            THE COURT:  Thank you.
14            THE CLERK:  Annetta Budhu, is that your true name?
15            DEFENDANT BUDHU:  Yes.
16            THE CLERK:  Kevin Gillespie, is that your true name?
17            DEFENDANT GILLESPIE:  Yes.
18            THE CLERK:  Each of you are hereby informed that an
19 Indictment has been filed charging you with conspiracy to
20 commit securities fraud and criminal forfeiture.
21            Counsel, have you received a copy of the Indictment,
22 and do you waive further reading?
23            MR. STITT:  Yes, I so waive.
24            THE CLERK:  Each of you are further informed that you
25 have the right to be represented by counsel at all proceedings

1  before the Court.
2           You have the right to remain silent.  You have the
3  right to a trial by jury.  You have the right to confront and
4  cross-examine any witnesses who testify against you.  And you
5  have the right to have witnesses subpoenaed to testify on your
6  behalf.
7           How do you plead to all counts of the Indictment in
8  which you are named?
9           MR. STITT:  Please enter a not guilty plea on behalf
10 of both parties.
11          THE COURT:  The Court enters a not guilty plea, as
12 requested by counsel, on behalf of Ms. Budhu and Mr. Gillespie.
13          Ms. Budhu and Mr. Gillespie, I want to advise you now
14 of a further hearing in your case before the district judge who
15 has been assigned to it.  That's Judge Moskowitz.  It's a
16 motion hearing and a trial setting on August 24th, at 2:00 p.m.
17          I'll hear any request for an appointment of counsel.
18          MR. STITT:  Yes, your Honor.  Ms. Budhu is -- if we
19 could begin with her.  She's represented by the Federal
20 Defender's Office in New York.  And we are requesting appointed
21 counsel for both clients, including her.
22          I don't have a financial affidavit at this point for
23 the Court.  And so if you would like, we (indiscernible)
24 provisional counsel, and it could be submitted in advance of
25 the motion hearing.

1	Since she is represented by Federal Defenders in New
2	York, perhaps the Court could consider appointing Federal
3	Defenders here, if any --
4	THE COURT:  Any objection to appointment of Federal
5	Defenders?
6	MS. MILTON:  No, your Honor.
7	THE COURT:  Thank you.
8	I'm -- all right.  I will appoint Federal Defenders,
9	and I will require that a financial affidavit be provided on or
10	before the next court date.
11	And then as to Mr. Gillespie, please.
12	MR. STITT:  Your Honor, it's the same request.  He, I
13	believe, has provisional counsel in Florida as well.  And so
14	he -- he is requesting appointed counsel, and we would like to
15	provide a financial affidavit before the next court date.
16	THE COURT:  Is there any objection to appointment of
17	provisional counsel for Mr. Gillespie?
18	MS. MILTON:  No, your Honor.
19	(Pause.)
20	THE CLERK:  Two o'clock.
21	THE COURT:  Two?
22	All right.  I am going to provisionally appoint
23	Gerardo A. Gonzalez to represent Mr. Gillespie.  His phone
24	number is 619-236-8459.
25	I'm going to set a status hearing, re counsel, before

1  me, since the next court date before -- the next court date
2  that is scheduled otherwise is not until August 24th, before
3  Judge Moskowitz.
4              MR. STITT:  I have no objection to that whatsoever.
5  Could it be a telephonic?  Because Ms. Budhu lives in New York
6  City.  Mr. Gillespie lives in the Middle District of Florida.
7  And the Court -- at this point -- is paying for their travel
8  back and forth between districts.  So I'm not sure that's a
9  good use of their time.
10             THE COURT:  I think that's fine.
11             (Pause.)
12             (Court and clerk conferring off the record.)
13             THE COURT:  Okay. All right.  I think that we can do
14 this without making it too complicated.  And you are right, of
15 course, these defendants come from far away places.
16             I won't set a status hearing with counsel.  I'll give
17 you a deadline to file the -- for counsel to file the financial
18 affidavits.  Let's have them due by a week from today, July
19 20th.
20             Okay.  The next thing we have to talk about is bail.
21 And I know conditions of release were set as to Ms. Budhu and
22 Mr. Gillespie, previously.  And as I understand it, as to
23 Ms. Budhu in the Southern District of New York.  And as to
24 Mr. Gillespie, in the Middle District of Florida.
25             MR. STITT:  Yes, your Honor.

1          THE COURT:  It's my intention to continue those
2   conditions of release enforce, unless anyone else has anything
3   else they would like to say.
4          MR. STITT:  No, your Honor.
5          MS. MILTON:  No, your Honor.
6          THE COURT:  And I'm assuming -- I haven't read
7   through all of them -- that there are travel restrictions in
8   each of those conditions of release.
9          MR. STITT:  Yes, your Honor.  I believe for
10  Mr. Gillespie, it's in the Middle District of Florida.  Right?
11         And Ms. Budhu, I believe, is in the state of New
12  York.
13         THE COURT:  All right.  So those travel restrictions
14  will continue enforce.
15         I believe that the defendants will need to be
16  fingerprinted and processed in this district.
17         MR. STITT:  Yeah, I can help.
18         THE COURT:  So that's, I think, the last thing that
19  needs to be done.  And --
20         MR. STITT:  Yes, your Honor.  So for Ms. Budhu, I
21  believe it's a $75,000 personal appearance bond secured by her
22  signature with conditions in New York.
23         The Court could also just release her on her own
24  recognizance, without a financial component as well, since it's
25  just her signature.

1        Mr. Gillespie, I believe, is a $50,000 appearance
2   bond secured by his signature.  Again, however the Court wants
3   to address those.  But --
4        THE COURT:  We will -- we will need to have bond
5   packages submitted here as well.
6        MR. STITT:  Yes, your Honor.  And I have the -- some
7   of the paperwork ready to submit now, and then we can
8   supplement that with whatever needs to be done.
9        THE COURT:  Does the Government have any objection to
10  these defendants remaining out of custody pending the
11  submission of a full bond packet as to each?
12       MS. MILTON:  No, your Honor.
13       THE COURT:  All right.  So let's do this.  We'll also
14  establish a deadline for the submission of a bond packet as to
15  each of them.  Let's make that a week from today.
16       MR. STITT:  Sure.  The 20th, as well.
17       THE COURT:  The 20th.  And they can remain out of
18  custody in the meantime.
19       All right.  So you'll just have to be fingerprinted
20  and processed now.
21       Anything from Pretrial?
22       THE PRETRIAL SERVICES OFFICER:  Yes, your Honor.
23  Good morning.  Alex Villard (phonetic), Pretrial Services.
24       With respect to Mr. Kevin Gillespie, it was
25  recommended in the other district however it wasn't ordered:

1  one drug test.  Your Honor, if it's negative, discontinue drug
2  testing; positive, continue to drug test, your Honor.  And the
3  basis --
4          THE COURT:  I'm sorry.  That was ordered in the -- in
5  the Middle
6          THE PRETRIAL SERVICES OFFICER:  Yeah, it was
7  recommended --
8          THE COURT:  Was it recommended or ordered, I think --
9          THE PRETRIAL SERVICES OFFICER:  Yeah, it was
10 recommended in the District of Florida, your Honor.  However,
11 it wasn't ordered.  That would be our condition.  One drug
12 test.  If negative, discontinue drug testing.
13         THE COURT:  It's not contained in the conditions
14 issued out of Florida?  The Middle District of Florida?
15         THE PRETRIAL SERVICES OFFICER:  Correct, your Honor.
16 It wasn't ordered.
17         THE COURT:  Okay.
18         MR. STITT:  Your Honor, I don't think we have a
19 strong opposition to that.  He is here, out of custody, in
20 court, which is really the -- the focus of the bond.  He's
21 traveled from Florida to be here.
22         THE COURT:  I don't know what the basis for the
23 recommendation in Florida was.  Do you know?
24         THE PRETRIAL SERVICES OFFICER:  Yes, your Honor.  We
25 do have a copy of the bail report.  Our apologies, your Honor.

1           Page 3, the first paragraph, your Honor.

2           MR. STITT:  The paragraph also says that he tested
3  negative at the time, so I'm not sure what the basis of the
4  further test would be but --

5           THE COURT:  I see it does say the initial urinalysis
6  obtained from the defendant tested negative for the presence of
7  illicit substances.

8           So are you opposing the condition?

9           MR. STITT:  Yes, we oppose the condition.  I mean, it
10 wasn't ordered there.

11          He's here, out of custody, and it doesn't seem like
12 this is a major issue.  It says that he's smoked marijuana
13 twice a year since he's 18.  I don't think that would
14 substantially interfere with his appearance in court.

15          THE COURT:  Here's how I will handle that.

16          Mr. Gillespie, I do want you to understand,
17 although -- it's a complicated mosaic with regard to marijuana
18 in the United States, as we know.

19          There are a lot of states where it's legal.  One of
20 which is California.  But it's not legal under federal law.

21          And so while you were under supervision in this case,
22 you cannot use or possess marijuana or any other drug for that
23 matter.

24          And even if you had a medical prescription for
25 marijuana, you could not use it.  Do you understand that?

1           DEFENDANT GILLESPIE:  Yes, I do.
2           THE COURT:  So I will not require you to submit to
3   drug testing at this point, given that we've discussed it.  But
4   if there comes a need for it, I'll be advised of it, and we can
5   handle it at that time.
6           DEFENDANT GILLESPIE:  Thank you, your Honor.
7           MR. STITT:  Thank you, your Honor.
8           THE COURT:  Anything else?
9           MR. STITT:  No, your Honor.
10          And the financial amounts for each personal
11  appearance bond will remain the same or --
12          THE COURT:  They will.
13          MR. STITT:  Okay.  Thank you.
14          THE COURT:  All right.  Thank you.
15          Give me just a minute.
16          THE CLERK:  Okay.
17          (Pause.)
18          (Pause, court and clerk, conferring.)
19          THE COURT:  Mr. Stitt?
20          MR. STITT:  Yes.
21          THE COURT:  Can you tell us again?  We're not
22  necessarily finding this in the attached conditions for the
23  other districts.  What were the monetary amounts, again?
24          MR. STITT:  I think it was 50 for Mr. Gillespie
25  and --

| | |
|---|---|
| 1 | THE COURT: Personal appearance bond? |
| 2 | MR. STITT: (Indiscernible) signature. |
| 3 | THE COURT: Own signature? |
| 4 | MR. STITT: Well, they called it an unsecured bond. |
| 5 | THE COURT: Okay. |
| 6 | MR. STITT: And then 75 for her. |
| 7 | THE COURT: Same thing? |
| 8 | MR. STITT: Yeah. I believe that's -- that's |
| 9 | correct. |
| 10 | THE COURT: If it's not, I'm going to -- |
| 11 | (indiscernible). |
| 12 | (Pause Court and clerk conferring.) |
| 13 | THE COURT: All right. I'll write in $75,000 for |
| 14 | Ms. Budhu, unsecured. |
| 15 | THE CLERK: Unsecured. Yes. |
| 16 | THE PRETRIAL SERVICES OFFICER: For Ms. Budhu, your |
| 17 | Honor? |
| 18 | THE COURT: Yes. |
| 19 | THE PRETRIAL SERVICES OFFICER: It's noted 75,000 |
| 20 | personal recognizance bond secured by one financially |
| 21 | responsible -- |
| 22 | THE COURT: Oh, it is. Okay. That is -- one |
| 23 | financially responsible -- anything about related or not? |
| 24 | THE PRETRIAL SERVICES OFFICER: No, your Honor. |
| 25 | THE COURT: Okay. And then as to Mr. Gillespie, just |

```
 1   to make sure, is it $50,000 own signature, or is there a
 2   financially responsible adult --
 3              THE PRETRIAL SERVICES OFFICER:  No.  It's $50,000
 4   nonsurety appearance bond.
 5              (Indiscernible due to overlapping speakers.)
 6              THE COURT:  Sounds unsecured (indiscernible).  Okay.
 7   And any travel restrictions?
 8              (Indiscernible.)
 9              (Pause.)
10              (Clerk calling next case.)
11              (Conclusion of proceedings.)
12
13                              --oOo--
14   I certify, by signing below, that the foregoing is a correct
15   stenographic transcript, to the best of my ability, of the
16   digital recording of the audio proceedings had in the
17   above-entitled matter this 31st day of July, 2018.  A
18   transcript without an original signature or conformed signature
19   is not certified.  I further certify that the transcript fees
20   and format comply with those prescribed by the Court and the
21   Judicial Conference of the United States.
22
            /S/ Amanda M. LeGore
23         _____
24         AMANDA M. LeGORE, RDR, CRR, CRC, FCRR, OCE
25
```